*407 Opinion of the Court, by
Judge Mills.
THE plaintiff in error exhibited his bill in chancery against the defendants, charging that the defendant, Craig, had executed to his co-defendant a writing to the following effect:
“ This day I have sold to Zachariah Pulliam, ten acres of land, the surplus of the tract of land Mrs. Bolware now lives on; which undivided ten acres of land I do hereby warrant the equitable title to the said Pulliam, and do hereby acknowledge to have received payment; for which I do hereby bind myself, my heirs, &c. under the penalty of one hundred dollars.”
This contract was assigned to the plaintiff in error, who charges in his bill, that one hundred dollars was the consideration paid, and that said Craig, at the time of the contract, represented to his vendee, that he had a *408 good equitable title to the ten acres, when in truth and in fact he had no such right of title, as the said Craig well knew; that he, Craig, had been frequently required by Pulliam before the assignment, and since by the plaintiff, to convey the land according to the agreement and that he had refused to do so, or to refund the one hundred dollars. The bill prays that Craig may be compelled to set forth the evidences of his title, and if he had one, that it might be conveyed; if not, that Craig might be compelled to refund the one hundred dollars; and then follows the prayer for general relief.
Craig, in his answer, admits the agreement and the payment of the money, and that he has no title, either legal or equitable; but he alleges that he acted as the agent of Lewis Craig, when he made the sale; that Lewis Craig had sold the tract of land in which the surplus was said to exist; that, on a re-survey, he discovered this surplus of ten acres, and sold it to the assignor of the complainant below, who was one of the heirs of an ancestor, who had received from said Lewis Craig a deed for the land, including the surplus. He alleges that the writing was intended to pass the equity, and no further conveyance was intended.
The circuit court dismissed the bill, and to reverse the decree this writ of error is prosecuted.
Craig has failed to establish one particle of the affirmative matter alleged in his answer. He does not show himself the agent of Lewis Craig, or that it was his equity which he attempted to sell; and the writing is silent as to the equity of Lewis Craig, or the agency. Nor does it appear that the purchaser stood in the relation of heir to an ancestor holding a deed from Lewis Craig, including a contested surplus. None of this matter can be taken as true, without proof; and the result is, that Craig sold what he had not, and that the purchaser paid his money and received nothing. If, then, as Craig contends, the writing was intended to pass the equity without further conveyance, it is evident the purpose was not answered, and on this ground the decree of the court below cannot be sustained.
The bill must, then, have been dismissed on the ground of want of jurisdiction in the chancellor, and the party is left to pursue his remedy at law on the covenant. It is true, that such action may be resorted to, *409 in cases where the covenant allows it; and it is also true, that even at law, in many such cases, where a purchaser has not got what he intended to purchase, he may disaffirm the contract, and bring his action at law, to recover back the money; but it is equally true, that the power of rescinding contracts, and placing the parties back in status quo, comes peculiarly within the jurisdiction of the chancellor. And as the complainant in this case only seeks the recovery of the money, it would have been no extraordinary stretch of jurisdiction, under the prayer for general relief, to have decreed the contract held by the complainant to be set aside and cancelled, and the purchase money to be restored, with interest from the date of the contract; and such, we conceive, from the state of this record, ought to be the decree rendered in this cause, and the decree dismissing the bill, is, therefore, deemed erroneous. It must be reversed with costs, and the cause remanded, with directions to enter a decree in conformity to this opinion.